Filed 3/25/14  P. v. Bryant CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063884 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS256936) |
| DEON LASHAWN BRYANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Tony Faryar Farmani, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Deon Lashawn Bryant appeals the judgment sentencing him to prison for 29 years to life after he pled guilty to murder and robbery and admitted a personal firearm use allegation.  Appointed counsel filed a brief pursuant to *Anders v. California* (1967) 386

U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that pointed out discrepancies among the oral pronouncement of judgment, the sentencing minutes, and the abstract of judgment, and also identified three issues upon which he requested our independent review.  A supplemental clerk's transcript filed after counsel submitted his brief indicates the discrepancies have been corrected by the trial court, and after reviewing the record, we discern no reasonably arguable appellate issues.  Accordingly, we affirm the judgment.

## BACKGROUND

The People charged Bryant with murder (Pen. Code, § 187, subd. (a)) and robbery (*id.*, § 211) and alleged he personally used a firearm in the commission of both offenses (*id.*, § 12022.5, subd. (a)).  The People also alleged Bryant, who was 17 years old when he committed the offenses, was 16 years of age or older at that time, so that he could be tried as an adult in criminal court.  (Welf. & Inst. Code, § 707, subds. (b)(1), (3), (17), (d)(1).)

At the preliminary hearing, Bryant admitted he was 16 years or older when he committed the charged offenses.  The magistrate found the evidence was sufficient to bind Bryant over for trial on the murder and robbery charges as well as the allegations he personally used a firearm in committing the offenses.

Bryant pled guilty to murder and robbery and admitted the associated firearm use allegations.  The trial court accepted the plea and sentenced Bryant to prison as follows: for the murder, 25 years to life (Pen. Code, § 190, subd. (a)), plus a consecutive term of four years for the attached firearm use enhancement (*id.*, § 12022.5, subd. (a)); and for

2

the robbery, three years (*id.*, § 213, subd. (a)(2)), plus a consecutive term of four years for the attached firearm use enhancement (*id.*, § 12022.5, subd. (a)). The court ordered a stay of execution of the prison terms imposed for the robbery conviction and its attached enhancement pursuant to Penal Code section 654. The sentencing minutes, however, stated that concurrent prison terms were imposed for the robbery conviction and its attached enhancement, and the abstract of judgment did not state execution of those prison terms was stayed.

After counsel filed his brief, we received a supplemental clerk's transcript that contains copies of an order amending the sentencing minutes and an amended abstract of judgment. The sentencing minutes and the abstract of judgment now state that execution of the prison terms imposed for the robbery conviction and its attached firearm use enhancement has been stayed.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal, but asked this court to correct the discrepancy between the sentence the court imposed at the sentencing hearing and the sentence recorded in the minutes and on the abstract of judgment, and to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel suggested the following issues: (1) "Did the trial court lack jurisdiction to try Bryant as an adult because it did not expressly make certain necessary findings at the preliminary hearing?"; (2) "Was Bryant entitled to a fitness hearing pursuant to [Penal Code] section 1170.17 before being sentenced as an adult?";

3

and (3) "Did the trial court have discretion to strike or stay the sentencing for the gun use allegation under [Penal Code] section 12022.5?"  After we received counsel's brief, we notified Bryant by letter that he could file a supplemental brief, but he did not respond.

The discrepancies among the oral pronouncement of judgment, the sentencing minutes, and the abstract of judgment have been corrected by the trial court.  We have reviewed the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, and considered the issues suggested by counsel, but discerned no reasonably arguable appellate issues.  Bryant has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.


4